UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SONYA CARR** | : | **CIVIL ACTION NO. 17-1473** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WAL-MART LOUISIANA LLC** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss [doc. 5] filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendant Wal-Mart Louisiana, LLC ("Wal-Mart"). Plaintiff Sonya Carr opposes the motion. Doc. 18. For the following reasons, it is **RECOMMENDED** that the motion be **GRANTED** and plaintiff's claims be dismissed **WITHOUT PREJUDICE** with leave to file an amended complaint within twenty-one (21) days.

**I.**
**BACKGROUND**

This action was initiated in the 33rd Judicial District Court, Allen Parish, Louisiana. Doc. 1, att. 3. Plaintiff, who at the time was proceeding *pro se*, filed a Petition for Wrongful Termination alleging that Wal-Mart "wrongfully terminated [her] due to discrimination." *Id.* at ¶9. She alleged that sometime in July 2016 she was written up for insubordination for failing to take out the trash. *Id.* at ¶6. According to plaintiff she took medical leave from work on September 1, 2016, returned to work on September 26, 2016, and was terminated on October 4, 2016, for "inability to perform work" and because her "work area was not in order." *Id.* at ¶5. In her petition plaintiff alleged that

she was wrongfully terminated because the store manager "simply did not like her and wanted her terminated." *Id.* at ¶9.

Wal-Mart removed the action to this court on the basis of diversity jurisdiction and filed the motion presently before the court. Wal-Mart argues that plaintiff has failed to specifically allege any particular type of discrimination or other unlawful conduct on the part of Wal-Mart. Doc. 5, att. 1, p. 1. Wal-Mart asks the court to dismiss the lawsuit for failing to state a claim upon which relief can be granted. *Id.*

After the motion to dismiss was filed plaintiff retained counsel who filed an opposition to the motion on her behalf. Docs. 17, 18. In her opposition plaintiff argues that she has alleged sufficient facts to state a cause of action against Wal-Mart under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Doc. 18, p. 2. She argues that a liberal reading of her petition alleges facts which entitle her to relief and the motion should therefore be denied. *Id.* at p. 1.

In reply Wal-Mart points out that nowhere in her petition does plaintiff allege that she was terminated for taking medical leave. Doc. 13, p. 2. Wal-Mart further contends that plaintiff's petition fails to identify any discriminatory basis for her termination and as a result the lawsuit should be dismissed. *Id.* at. p. 3.

## II.
### LAW AND ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the rule encourages conciseness, "the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc., v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 319 (2007)(quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346 (2005)).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of a plaintiff's claim for failure to state a claim for which relief may be granted. When ruling on a 12(b)(6) motion the court accepts the plaintiff's factual allegations as true and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). To avoid dismissal under a Rule 12(b)(6) motion, a complaint must contain enough facts to make a claim for relief "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Twombly* 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (citations omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

When a plaintiff is proceeding *pro se,* as is the case here when the petition was filed, the court holds his complaint "to less stringent standards than formal pleadings drafted by lawyers." *Hale v. King,* 642 F.3d 492, 499 (5th Cir.2011)(citing *Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir.2002)). If a plaintiff's claims are dismissed under Rule 12(b)(6), it is the policy of the federal courts to permit liberal amendment under Federal Rule of Civil Procedure 15 in order "to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir.1981).

A review of plaintiff's petition shows that she has failed to set forth any cognizable grounds for relief. She alleges that she was discriminated against and wrongfully terminated but sets forth no factual or legal justifications for such allegations. Although her memorandum in opposition argues that she has stated a claim for relief under the FMLA, plaintiff's petition does not allege that

her medical leave was a basis for her termination. We find that the allegations in plaintiff's petition are inadequate to provide fair notice of both the actual claims and the grounds upon which they rest and that the motion to dismiss should be granted.

### III.
#### CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that defendants' Motion to Dismiss [doc. 5] be granted and plaintiff's claims be dismissed **WITHOUT PREJUDICE** with leave to file an amended complaint within twenty-one (21) days.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 14th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE